UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: CHRISTOPHER NEIL and
KATHERINE NEIL,

No. 7-06-11391 ML

Debtors.

## ORDER DENYING TRUSTEE'S MOTION TO DISMISS

THIS MATTER is before the Court on the Trustee's Motion to Dismiss ("Motion to Dismiss"), filed by the Chapter 7 Trustee, Kieran F. Ryan. The Motion to Dismiss requests dismissal of the Debtors' bankruptcy proceeding under 11 U.S.C. § 305 or § 707 based on Debtors' alleged unreasonable delay and failure to cooperate with the Chapter 7 Trustee. The Debtors, by and through their attorney, Charles Hawthorne, filed an objection to the Motion to Dismiss. The Court held a final hearing on the Motion to Dismiss on March 7, 2007 in Las Cruces and took the matter under advisement. Upon consideration of the exhibits admitted into evidence at the final hearing, the arguments of counsel, and the record of this proceeding, the Court finds that the Debtors are obligated to comply with certain of the Chapter 7 Trustee's requests, but dismissal of the Debtors' bankruptcy proceeding is not appropriate.

Debtors filed a voluntary petition under Chapter 7 of the Bankruptcy Code on August 14, 2006. Kieran Ryan is the Chapter 7 panel trustee assigned to administer the Debtors' bankruptcy proceeding. Debtors' Schedule B lists an interest in Jayco Paving Co., with a value of $25,000.00, and an interest in La Luz automotive, with a value of $3,000.00. Debtors' Schedule C claimed the full value of Jayco Paving Co. and La Luz automotive as exempt. On October 19, 2006, the Chapter 7 Trustee filed an objection to the Debtors' exemptions in certain vehicles and business entities, including the Debtors' interest in La Luz automotive valued at

1

$3,000.00, and their interest in Jayco Paving Co., valued at $25,000.00. ("First Objection to Exemptions"). Debtors subsequently filed an Amended Schedule C, claiming an exemption in La Luz automotive under the category of Interests in Partnerships or Joint Ventures in the amount of $3,000.00 pursuant to N.M.S.A. 1978 § 42-10-1, -2, but deleting any claim of exemption in Jayco Paving Co. Because Debtors' Amended Schedule C did not appear to claim an exemption in $300.00 in a checking account and $200.00 representing office equipment listed on Debtors' Schedule B and did not include a claimed exemption in Jayco Paving Co., the Chapter 7 Trustee made demand on the Debtors to turnover these assets. *See* Trustee's Exhibit 3. Debtors offered to pay $200.00 to the Chapter 7 Trustee, representing the value of the office equipment, but replied that the $300.00 checking account listed in their Schedule B had been used to pay expenses, that Jayco Paving Co. has no assets because all of its equipment was leased, and that the value was based on income from the operation of the business in 2005. *See* Trustee's Exhibit 6 and 7. To date, the Debtors have not turned over $200.00 to the Trustee. However, Debtors' Amended Schedule C claims an exemption in office equipment in the amount of $300.00.

On October 25, 2006, the Chapter 7 Trustee withdrew his First Objection to Exemptions, and filed another objection to exemptions ("Second Objection to Exemptions"), objecting to the Debtors' claim of exemption in La Luz automotive in the amount of $3,000.00 under N.M.S.A. 1978 § 42-10-1, 2.[1] On the same day, the Chapter 7 Trustee sent a notice of deadline to file responses to the Second Objection to Exemptions. No response to the Second Objection to

---

[1]The Second Objection to Exemptions does not object to the Debtors' claimed exemption in office equipment in the amount of $300.00. The Court, therefore, need not consider whether the $200.00 value of the office equipment must now be turned over to the Chapter 7 Trustee.

2

Exemptions was timely filed, and on November 17, 2006, an Order Granting Trustee's Objection to Amended Exemptions ("Order"), which denied Debtors's claimed exemption in their interest in La Luz automotive in the amount of $3,000.00 was entered. Debtors did not seek to have the Order set aside, and it is now a final order. Debtors have failed to turnover to the trustee $3,000.00 representing their interest in La Luz automotive which the Order adjudicated as a non-exempt asset.

Debtors assert that the $3,000.00 in La Luz automotive represents tools they use in their business, and which are encumbered by a lien, and that they have informed the Chapter 7 Trustee of these facts several times. However, the Debtors' Schedule B does not list any tools, and Schedule F does not list a secured creditor for the tools. In addition, because the Debtors operate a business, the Chapter 7 Trustee requested that the Debtors file a new Schedule J to reflect business expenses. Debtors have not filed an amended Schedule J. Debtors assert that through communications with the Chapter 7 Trustee and the United States Trustee and their filing of amended schedules and means test form early in the case as requested by the United States Trustee, they have fully responded and addressed the Chapter 7 Trustee's concerns.

This Court disagrees. Debtors take the position that their interest in La Luz automotive, valued at $3,000.00 is based on encumbered tools of the trade, yet they did not respond to the Chapter 7 Trustee's Second Objection to Exemptions. Once the Order sustaining the Chapter 7 Trustee's objection to the Debtors' claim of exemption in La Luz automotive, they took no action to set it aside. The Order is binding on the Debtors and constitutes an adjudication that their interest in La Luz automotive valued at $3,000.00 is not exempt. The Debtors' Schedule B does not list tools or equipment used in Debtors' business, Schedule D does not list the secured

creditor for the tools, Amended Schedule J (Docket # 6) does not include a detailed listing of the Debtors' business expenses from their operation of La Luz automotive. With regard to the Debtors' interest in Jayco Paving Co., the Court finds that the Debtors have satisfactorily explained through correspondence to the Chapter 7 Trustee the nature of the business and the reason for placing a $25,000.00 value thereon. However, Debtors are still obligated to amend Schedule B to correct the value listed for Jayco Paving Co. *See Morrel, West & Saffa, Inc. v. Riley (In re Riley),* 128 B.R. 567, 570 (Bankr.N.D.Okl. 1991) (noting "'the fundamental necessity in bankruptcy that statements and schedules filed pursuant to section 521 be accurate and reliable and that the debtor answer the trustee's first meeting inquiries in a thorough, non-evasive manner . . . '") quoting *In re Lunday,* 100 B.R. 502 (Bankr.D.N.D. 1989) (a case discussing the debtor's duties under § 727(a)(3), (a)(4) and (a)(5)).

Pursuant to 11 U.S.C. § 707, the Court may dismiss a Chapter 7 proceeding for cause, including "unreasonable delay by the debtor that is prejudicial to creditors." 11 U.S.C. § 707(a)(1). Debtors' failure to amend their schedules or turnover non-exempt assets to the Chapter 7 Trustee hampered the Chapter 7 Trustee's ability to administer the bankruptcy estate, and constitutes sufficient cause to dismiss the Debtors' bankruptcy proceeding. *See* 6 Collier on Bankruptcy ¶ 707.03[1][a] (Henry J. Sommer and Alan N. Resnick, eds. 15th ed. rev. 2006) (grounds for dismissal under § 707(a)(1) include failure to appear or file necessary schedules, "or otherwise failing to take any necessary steps for the proper administration of the estate."). However, because Debtors received a discharge on December 20, 2006, dismissal of the Debtors' bankruptcy proceeding would not benefit creditors or penalize Debtors for failing to cooperate with the Chapter 7 Trustee. *Cf. In re Rodriguez,* 255 B.R. 118, 120-21

4

(Bankr.S.D.N.Y. 2000) (finding that it is not appropriate to dismiss a case based on a debtor's lack of cooperation after the debtor receives a discharge because the dismissal does not revoke the discharge, and dismissal will confer all of the benefits but none of the burdens of bankruptcy on the debtor).

WHEREFORE, IT IS HEREBY ORDERED that the Motion to Dismiss is DENIED.

ORDERED FURTHER, that within ten (10) days of the date of entry of this Order, Debtors file amended schedules, specifically, Schedules B and D, and J to reflect the tools used in La Luz automotive, the liens on such tools, the corrected value of Jayco Paving Co., and a detailed, breakdown of the business expenses of La Luz automotive.

ORDERED FURTHER, that within thirty (30) days of the date of entry of this Order, Debtors pay to the Chapter 13 Trustee $3,000.00 representing the non-exempt interest in La Luz automotive as determined by the Order Granting Trustee's Objection to Amended Exemptions.

ORDERED FINALLY, that in the event Debtors fail to comply with the terms of this Order, the Chapter 7 Trustee may seek an appropriate remedy, including seeking to revoke the Debtors' discharge.

/s/ Mark B. McFeeley
_____
MARK B. McFEELEY
United States Bankruptcy Judge

COPY TO:

Charles E Hawthorne
Attorney for Debtors
900 Sudderth Dr
Ruidoso, NM 88345-7224

Kieran Ryan
Chapter 7 Trustee
PO Box 26
Las Cruces, NM 88004-0026